**Alfred STACEY, Plaintiff,**

v.

**Julius MULLINS et al., Defendants.**

**Civ. A. No. 80–1689.**

United States District Court, for the District of Columbia.

April 23, 1981.

David J. Frantz, Washington, D. C., for plaintiff.

E. Calvin Golumbic, William H. Hanrahan, Phillips T. Kimball, Israel Goldowitz, Washington, D. C., for defendants.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

Alfred Stacey, a former coal miner, brings this action pursuant to the Labor Management Relations Act of 1947, § 302(c)(5), 29 U.S.C. § 186(c)(5) (Act) and the National Bituminous Coal Wage Agreement of 1950, as authorized by 29 U.S.C. § 186(c)(5). The Coal Agreement established the United Mine Workers Welfare and Retirement Fund (1950) (Fund). Defendants Harrison Combs, Paul R. Dean, and John J. O'Connell, are trustees of the Fund. Jurisdiction is based on the Labor Management Relations Act of 1947, § 302(c)(5), 29 U.S.C. § 186(c)(5) and the Employee Retirement Income Security Act of 1974, § 502(c)(1), 29 U.S.C. § 1132. The plaintiff seeks a declaration that he is a pensioner of the Fund and thus entitled to all related benefits, retroactive benefits plus interest from May 1, 1973, and costs and attorney's fees. He also seeks a declaration that the 10 year signatory requirement for award of service under Resolution No. 90 is arbitrary and capricious on its face and as applied to him. This case is present-

ly before the Court on cross motions for summary judgment.

The plaintiff was 78 when he filed an application for pension benefits. (He is 84 at this date.) Although the exact number of years he was employed in the coal industry has not been determined, all parties agree that he has worked for at least twenty years in the industry. Stacey alleges that in 1965 he was injured in a mining accident and that between 1966 and 1970 he received $4,566 in Workmen's Compensation. During those same years he worked in coal-related jobs as well as other types of part-time jobs. He alleges that in 1969 he resumed his full time employment in the industry. In 1972 he became permanently disabled by silicosis (black lung disease) and was forced to retire at the age of 77. Following his retirement, plaintiff began receiving Workmen's Compensation benefits and these payments continued for a period of 120 weeks. Plaintiff was also awarded benefits under the Federal Coal Mine Health and Safety Act of 1969 after his retirement. Stacey applied for pension benefits on April 30, 1973 but the trustees found him ineligible to receive benefits. The relevant findings of the Pension Board are that Stacey served 25¼ years in a classified job and 3¾ years with a signatory operator.

The Fund is an irrevocable trust established by the National Bituminous Coal Wage Agreement of 1950 under the authority of § 302(c)(5) of the Labor Management Relations Act of 1947. It is administered by three trustees. The trustees of the Fund have been given broad discretion to administer the Fund, pay benefits, and from time to time enact resolutions which establish eligibility requirements for pension benefits. The role of this Court is limited to whether the trustees' denial of pension benefits was arbitrary and capricious. *Gracie Robinson v. UMWA Health & Retirement Funds*, 640 F.2d 416 at 421–422 (D.C.Cir. 1981); *Pete v. UMW Welfare & Retirement Fund of 1950*, 517 F.2d 1275, 1283 (D.C.Cir. 1975); *Danti v. Lewis*, 312 F.2d 345, 348 (D.C.Cir.1962).

Plaintiff asserts that he is entitled to benefits under Resolution No. 63 which was in effect from Feb. 1, 1965 to April 1, 1971 and Resolution No. 83 which replaced Resolution No. 63 on April 1, 1971. Resolution No. 63 provides that an employee shall be eligible for a pension if he is 55 years old or older at the time of his application, has served 20 years in the coal industry, and served at least one year immediately prior to retirement with a classified signatory. Stacey argues that Resolution No. 63 should be the guide for determining eligibility requirements in his case. However, as defendants correctly point out, eligibility requirements may be amended. If an employee has satisfied the existing age and service requirements, he may be required to comply with the revised requirements if he has been given an opportunity to "elect between taking his pension or continuing in employment subject to the new requirement." *Kosty v. Lewis*, 319 F.2d 744, 748, (D.C.Cir.1963), *cert. denied* 375 U.S. 964, 84 S.Ct. 482, 11 L.Ed.2d 414 (1964); *Norton v. I.A.M. National Pension Fund*, 553 F.2d 1352, 1359 (D.C.Cir.1977). In this case, Stacey chose to continue working after he was given notice that new eligibility requirements were going to replace those of Resolution No. 63. In the cases relied on by plaintiff to substantiate a justifiable reliance on Resolution No. 63, the applicants were being forced to forfeit pension credit already accumulated. Stacey satisfied the requirements of Resolution No. 63 when it was replaced by Resolution No. 83, but, as a consequence of his decision to continue working at that time, he lost his right to have his eligibility for pension benefits decided under the requirements of Resolution No. 63.

Stacey argues, in the alternative, that he is eligible for pension benefits under Resolution No. 83, which became effective on April 1, 1971. According to this Resolution an employee is eligible for pension benefits if he is 55 years old, has served 20 years in the coal industry, and has served at least 5 years with a classified signatory since 1946. In addition, a miner would be given up to 4

years credit if he received Workmen's Compensation benefits or black lung benefits. However, in order to qualify for service credit while receiving compensation, the miner must have been employed in a classified job when injured and may not work regularly in jobs outside the coal industry while receiving compensation.

Plaintiff argues that he has satisfied the 20 year classified service requirement. It is on the second (5 year signatory service) requirement that the two parties disagree. The trustees have credited him with 3¾ years of signatory service. Stacey claims that he satisfied the other 1¼ years when his credit for disability is added to the 3¾ approved by the trustees. The plaintiff does not explicitly state whether he computed his disability between 1965–1970 and/or 1972–1974 into his service credit. However, neither will give him the necessary 5 years in a classified signatory.

 The plaintiff was injured in a mining accident in 1965. He received Workmen's Compensation from the state of West Virginia between Feb. 27, 1965 and May 2, 1970. However, he was not given service credit for this time because he was performing non-classified work at the time of injury and was receiving a salary from another source while receiving disability payments. This disqualified him from being given credit for that time and therefore Stacey did not satisfy the requirements for service credit under Resolution No. 83. The plaintiff was eligible and received Workmen's Compensation a second time beginning on July 7, 1972 and continuing for 120 weeks thereafter. He filed his application for benefits on April 30, 1973. Although Stacey would have satisfied the 5 year classified signatory requirement if he had been receiving Workmen's Compensation for 1¼ years, at the time he filed his application he had only been receiving benefits for eight months. Consequently, he did not have a vested right to benefits under Resolution No. 83 when he filed his application on April 30, 1973. The trustees may enact new eligibility requirements for pension benefits as long as they are related to the purposes of the trust. *Roark v. Boyle*, 439 F.2d 497 (D.C.Cir.1970). These amended requirements will be retroactive unless rights have already vested. *Kosty v. Lewis*, 319 F.2d at 748. Therefore, because the plaintiff had not satisfied the requirements of Resolution No. 83 when he filed his application, the newer and more stringent "year of service" definition was applicable to him.

The modified definition of "year of service" in Resolution No. 90 provides that service credit will be given only if a miner has accumulated 10 years of classified signatory service. Stacey had only 3¾ years of classified signatory service. The substitution of the new definition does not deprive Stacey of any *earned* pension credit. The requirements of Resolution No. 90 have been found to be reasonable and to further the purposes of the Fund. *Pete v. UMWA Retirement Fund*, 517 F.2d at 1284.

In all of the cases relied on by plaintiff, miners were divested of pension credit already earned. It is clear from these cases that the trustees may not adopt rules which divest or cancel time which has been earned. *Lavella v. Boyle*, 444 F.2d 910 (D.C.Cir.1971), *cert. denied* 404 U.S.. 850, 92 S.Ct. 84, 30 L.Ed.2d 89 (1971); *Norton v. I.A.M. National Pension Fund*, 553 F.2d at 1357. Likewise, in *Gracie Robinson v. UMWA*, the Court of Appeals found that a denial of permanent health benefits to widows made pursuant to a 1974 wage agreement was arbitrary and capricious. However, in that case the miners worked until their deaths and never applied for healthcare benefits. According to the trustees' interpretation of the wage agreement, the miners must have either applied for or received benefits before becoming eligible for permanent health benefits. The Court found that as a result of a decision to work until death the widows of these miners were denied any opportunity to receive permanent benefits. However, this is not the situation in the present case. Stacey knew or should have known that he was required to serve at least 5 years in a classified signatory.

In sum, Stacey was given notice that Resolution No. 63 would no longer determine his eligibility for pension benefits. He chose to continue working after the adoption of Resolution No. 83 and thus his eligibility for pension benefits was determined under the rule of Resolution No. 83. At the time plaintiff filed his application he failed to satisfy the 5 year classified signatory requirement of Resolution No. 83 and also the newer eligibility requirements promulgated under Resolution No. 90.

The Court finds that the 10 year signatory requirement for award of service is not arbitrary or capricious on its face or as applied to plaintiff. Accordingly, plaintiff's motion for summary judgment is denied. Defendants' motion for summary judgment is granted.